## JOHNNIE STEPHENSON *v.* STATE OF ARKANSAS

5728                                        482 S.W. 2d 118

### Opinion delivered July 3, 1972

*Louis W. Rosteck,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Johnnie Stephenson, charged with the April 1, 1967, murder of Lee Jackson Palmer, pleaded guilty to second degree murder on July 22, 1968, and was sentenced to serve 21 years. In his petition under Criminal Procedure Rule 1, and in his testimony at the resultant hearing, appellant asserted that, "his attorney entered the plea of guilty without his approval, and thus denied him the right to a jury trial; that he was not in fact guilty of killing anyone at any time; that he was ignorant of what his attorney was doing in his behalf; and he was never consulted about pleading guilty." From denial of the petition comes this appeal, urging that his right to a jury trial under the 14th Amendment was violated.

Appellant's argument is primarily centered on the fact that appellant had only a third-grade education, could not read without glasses, was very hard of hearing, and thus, the assumption of an ability to comprehend

the discussions his attorney had with him prior to the guilty plea is purely speculative.

Review of his testimony at the Rule 1 hearing, (at which he stated that he wanted a "time-cut" and the court advised him that was not the purpose of the hearing, but to determine whether the conviction should be set aside), as well as the transcript of the hearing on his plea of guilty, an exhibit in the record, amply supports the trial court's dismissal of the petition. For example, at the hearing on the guilty plea, the court offered to allow appellant to remain in the county jail until after August 2, when he was to receive his hearing aid from Rehabilitation Service, until appellant explained, "If I got time coming, I can't get it through the Rehabilitation." This testimony followed discovery by the court that it was not necessary to "holler" at appellant because he could read lips. After formal sentencing by the court as follows:

> "It is the judgment and sentence of this Court that you be taken by the Sheriff of this County and delivered to the Department of Correction, there to serve at hard labor for a period of 21 years. It is the further direction of this Court that you serve at least a third of that sentence, or seven years, before becoming eligible for parole."

The Court then asked appellant, "Tell me what I said." Appellant replied, "You said I would have at least seven years before I become eligible for parole on 21 years." This pretty well demonstrates appellant's comprehension of the proceedings.

Affirmed.